**IN THE COURT OF APPEALS OF IOWA**

No. 24-0252
Filed July 24, 2024

**IN THE INTEREST OF B.M.,**
**Minor Child,**

**B.M., Father,**
      Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, Judge.

A father appeals in a child-in-need-of-assistance proceeding.  **AFFIRMED.**

B.M., Waterloo, self-represented appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General for appellee State.

Teresa Pope of Pope Law, PLLC, Des Moines, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

The juvenile court adjudicated B.M. (a child born in 2016) as a child in need of assistance (CINA) under Iowa Code chapter 232 (2023). The father filed notice of appeal. The notice does not comply with Iowa Rule of Appellate Procedure 6.102(1)(a)(1) because it does not specify the decree, judgment, or order from which he intends to appeal. Similarly, the father's petition on appeal does not comply with rule 6.201(1)(d) (requiring substantial compliance with form 5 in rule 6.1401) because it does not identify issues for which he seeks review, explain how error was preserved, or provide any supporting authority. The father's failure to provide us with information as to the order from which he appeals, what issues he raises, or any legal authority prevents us from discerning any issue that has been preserved for our review or that has been adequately developed that could provide a path to allowing him to prevail.[1]

That said, following our de novo review, *see In re D.M.*, 965 N.W.2d 475, 479 (Iowa 2021) (providing for de novo review in CINA cases), we agree with the juvenile court's actions, including its decision to adjudicate B.M. as a CINA, remove the child from the parents' custody, and order the father to participate in paternity testing, *see In re R.C.*, No. 19-2064, 2020 WL 1550686,

---

[1] After this case was transferred to our court and several months after the father filed notice of appeal, the father filed an "addendum" to his petition on appeal. We do not consider the addendum because our rules of appellate procedure do not permit the filing of an addendum; the addendum causes the father's petition to exceed the twenty-page limit the father had already reached with the filing of his initial petition, *see* Iowa R. App. P. 6.201(1)(c) (limiting petitions on appeal to twenty pages); and the addendum is untimely, *see* Iowa R. App. P. 6.201(1)(b) (requiring a party's petition on appeal to be filed within fifteen days after the filing of notice of appeal).

at *3 (Iowa Ct. App. Apr. 1, 2020) (holding the court should order paternity testing upon request of a parent). We also find no due-process violation, as the father was notified of the proceedings in a timely fashion.

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e) (permitting a memorandum opinion when "[a] full opinion would not augment or clarify existing case law").

**AFFIRMED.**